UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOMER J. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:14-cv-546-WTL-MJD |
| | ) | |
| GEARED 2 SERVE STAFFING, LLC, and | ) | |
| RICK  HARTMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the cross motions for partial summary judgment filed

by the parties. The motions are fully briefed,[1] and the Court, being duly advised, **DENIES** the

Plaintiff's motion (Dkt. No. 24) and **GRANTS IN PART AND DENIES IN PART** the

Defendants' motion (Dkt. No. 27) for the reasons, and to the extent, set forth below.

## I.    PLAINTIFF'S MOTION TO STRIKE

As an initial matter, the Plaintiff, Homer J. Moss, moved the Court to strike the

Defendants' brief and their designation of evidence in support of their motion for partial

summary judgment because the documents were filed just after midnight following the due date

(Dkt. No. 30). According to the Court's case management system, the Defendants' motion was

timely filed on September 26, 2014, at 11:52 p.m. Then, defense counsel began the filing process

for his supporting brief prior to midnight, but the brief was not actually filed until 12:21 a.m. on

September 27, 2014.[2] The Defendants' designation of evidence was thereafter filed at 12:47 a.m.

---

[1] The Plaintiff did not file a reply brief; however, the time for doing so has passed.

[2] There are several steps to filing a document in the Court's CM/ECF system. A
document is not considered filed until the party completes all of the steps and receives the final

Thus, the brief and the designation of evidence were not timely filed. The Court, however, will not strike the Defendants' belated filings in this case. This is a first offense for defense counsel, and, as far as the Court can tell, the Plaintiff is not prejudiced by the late filings. Therefore, the Court **DENIES** the Plaintiff's motion to strike.

## II.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court accepts as true the admissible evidence presented by the non-moving party and draws all reasonable inferences in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## III.   BACKGROUND

Moss was an employee of Defendant Geared 2 Serve Staffing, LLC ("Geared"). At all times relevant to this litigation, Defendant Rick Hartman was the sole manager of Geared. Hartman and Moss were also "long time friend[s]." Dkt. No. 34-1 at ¶ 9. On February 1, 2009,

---

"receipt" or confirmation of filing. *See, e.g., Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012) ("A document entered into the electronic system at 12:01 AM on a Thursday has been filed on Thursday, not on 'virtual Wednesday.'"). Thus, the date stamp of "09/26/14" on the Defendants' supporting brief is misleading.

Moss agreed to store several large items on his property for Hartman. The items included a 1995 Ford Super Duty Power Stroke, a "Heat King" brand ground heater with a generator, and a "Heat King" brand ground/concrete heater without a generator. At some point, however, Moss and Hartman's relationship soured, and Moss quit his job with Geared in June 2011.

During his employment with Geared, Moss generally received his wages though direct deposit on a weekly basis. Rather than direct deposit Moss's wages for his last two weeks of work, however, Geared prepared two hard-copy checks for Moss.[3] Moss never picked up the checks, and Geared never mailed or otherwise delivered the checks to Moss. To this date, Moss has not received any compensation for his final two weeks of work.

On April 18, 2012, Moss recorded a Notice of Intention to Hold Lien in the Hamilton County Recorder's Office in relation to the items he was storing on his property. The lien was addressed to Geared. Shortly thereafter, on April 30, 2012, Moss filed suit against Geared in the Boone County Superior Court. He sought payment of his wages under Indiana's wage payment statute, as well as damages for storing the truck and ground heaters on his property. He also asked the court to foreclose on his personal property lien. After Geared failed to timely respond to the complaint, Moss moved for default judgment. The court granted the motion, and issued an order of foreclosure.

On March 20, 2013, Geared filed a motion to set aside the default judgment. On March 22, 2013, however, Moss sold the ground heaters at auction for $7,425.00.[4] Moss also had the Ford truck towed from his property to a tow yard. On July 12, 2013, the court held a hearing on

---

[3] The two checks totaled $1,218.56.

[4] These funds are currently being held in trust by Moss's counsel.

Geared's motion, and on November 22, 2013, the court granted the motion and set aside the default judgment and the order of foreclosure.

Apparently unhappy with how he pled his original complaint, on March 17, 2014, Moss filed an amended complaint adding Hartman as a Defendant. Moss's amended complaint also alleged new theories of recovery. Moss alleged a wage-payment claim under the Fair Labor Standards Act ("FLSA") (not Indiana's wage payment statute), and a claim for overtime wages under the FLSA (collectively asserted under Count I). His complaint also alleged the same unjust enrichment claim (seeking damages related to his storage of the truck and the ground heaters), and lien foreclosure claim, as his original complaint. Interestingly, this time, Moss also alleged in his amended complaint that Hartman, and not Geared, was the owner of the truck and the ground heaters. The amended complaint was removed to this Court on April 1, 2014.

Thereafter, Moss filed a second amended complaint on April 28, 2014. The second amended complaint contained the same claims as the previous complaint, but alleged individual liability against Hartman with regard to Moss's wage and overtime claims under the FLSA.

## IV.   DISCUSSION

Both parties have filed partial motions for summary judgment. The motions are discussed separately below.

### A.  Plaintiff's Motion

Moss seeks summary judgment on his FLSA claims. He argues that, by failing to pay him minimum wage for his last two weeks of work, Geared has violated the FLSA. He also argues that he regularly worked over forty hours per week, and is thus owed overtime wages. Moss also asks the Court to find Hartman personally liable for his wages and overtime.

### 1. FLSA Claims

With regard to Moss's wage payment claim, it is undisputed that Moss was not compensated for his last two weeks of work. The Defendants argue, nonetheless, that Moss is not entitled to summary judgment because his FLSA claims (both the wage payment claim and the claim for overtime wages) were filed after the relevant two-year statute of limitations period expired. Oddly, however, the Defendants did not move for summary judgment on this issue. Rather, the Defendants use their statute of limitations argument only as a defense to the FLSA claims (which, although strange, they are ultimately entitled to do—assuming, of course, the defense was plead in their answer).[5] Thus, the Defendants argue only that Moss's FLSA claims must proceed because "there is a material question as to whether [Moss] timely filed his FLSA claims." Defs.' Resp. at 1. Ultimately, the Court agrees.

Under the FLSA, the statute of limitations in most cases is two years. *See* 29 U.S.C. § 255(a). For willful violations, however, there is a three-year statute of limitations. *Id.* Moss ended his employment with Geared in June 2011. Thus, notwithstanding a willful violation on Geared's part, Moss was required to assert his FLSA claims by June 2013. Moss, however, did not allege a claim under the FLSA until March 17, 2014.[6] In an effort to escape the two-year statute of limitations period, Moss alleged in his amended (and second amended) complaint that Geared's violations of the FLSA were willful. To satisfy the "willfulness" requirement, Moss must show that the Defendants "either knew or showed reckless disregard [as to] whether [their]

---

[5] The Defendants did, in fact, assert the statute of limitations defense in their answer to Moss's second amended complaint.

[6] Plaintiff has not argued, and thus the Court has not considered, whether Moss's FLSA claims relate back to an earlier date.

conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Moss did not file a reply in support of his motion. Thus, he did not respond to the Defendants' statute of limitations argument. The Court is otherwise not unaware of any facts which would show that the Defendants acted willfully in violating the FLSA. Thus, at this point, it appears the two-year statute of limitations period applies to Moss's FLSA claims. Accordingly, the Court **DENIES** Moss's motion for summary judgment on these claims.[7]

### 2. *Personal Liability*

As noted above, Moss seeks a declaration from this Court that, to the extent his FLSA claims are successful, Hartman is jointly and severally liable, and thus personally liable for Moss's wages and overtime. Because, at this point, it appears that Moss's FLSA claims are untimely, the Court does not believe Hartman's liability, if any, should be decided at this stage. Accordingly, the Court **DENIES** Moss's motion for summary judgment on this issue. If Moss later establishes that his claims are valid, he may revisit this argument with the Court at that time.

Based on the foregoing, the Court **DENIES** in its entirety, the Plaintiff's motion for partial summary judgment.

### B. Defendants' Motion

The Defendants move for summary judgment on Moss's unjust enrichment and lien foreclosure claims. They argue that they are entitled to summary judgment because "none of the three items of property listed in Moss's lien notice have ever belonged to Geared or Hartman and

---

[7] Because summary judgment is being denied on statute of limitations grounds, the Court need not address the Defendants' alternate arguments.

that Moss had no reasonable expectation of receiving any compensation from Geared or Hartman." Defs.' Br. at 3. The Defendants' arguments are discussed in further detail below.

### 1. Unjust Enrichment

"Indiana courts articulate three elements for [unjust enrichment] claims: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v. Indiana Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). The Defendants argue (1) that "[n]either Defendant owned the property Moss agreed to store at his home; therefore neither Defendant could possibly have obtained any measureable benefit from such storage," Defs.' Br. at 4, and (2) that Moss "had no reasonable expectation of payment." *Id.* The Court finds the Defendants' arguments unavailing.

Clearly, Moss's unjust enrichment claim is against Hartman, only. Thus, the Court need not and does not address Geared's arguments with respect to this claim. According to Moss, Hartman asked him to store the items in question on his property. Regardless of whether he was the true owner of the items, Hartman received some sort of benefit from Moss's storage of the large, hard-to-move items on his property—what sort of benefit he personally received remains an issue.

With regard to Moss's expectation of payment, it is undisputed that there was a period of time in which Moss did not expect payment. At some point, however, Moss revoked his consent and demanded that Hartman remove the property from Moss's land. After that, Moss "believed [Hartman] owed [him] something for . . . storing his property for so long against [his] wishes." Dkt. No. 34-1 at ¶ 17. None of Hartman's asserted facts dispute this statement, or the reasonableness of this belief. Thus, taking the facts in the light most favorable to Moss, Hartman

is not entitled to summary judgment on this claim. Accordingly, the Defendants' motion is **DENIED** in this respect.

### 2. *Lien Foreclosure*

Lastly, the Defendants argue that they are entitled to summary judgment on Moss's lien foreclosure claim because they do not own the items in question. Again, Moss's complaint seeks to foreclose on the lien as against Hartman, only. Thus, the Court need not and does not address Geared's arguments with respect to this claim.

According to Hartman, the items in question were originally purchased by R.L. Hartman Concrete, Inc., another one of Hartman's businesses. Beginning in November 2008, the items were owned by JCH Leasing, Inc.—yet another one of Hartman's companies. Hartman also submitted a certified BMV report showing that JCH Leasing was the owner of the truck.

As noted above, Moss identified Geared as the owner of the property in his lien. Moss now seeks to foreclose on the lien against Hartman, individually. Hartman, however, has presented sufficient evidence showing that JCH Leasing was the owner of the items.

The Court finds that, as a matter of law, Moss cannot foreclose on a personal property lien—identifying Geared as the owner of the property—against Hartman individually, where JCH Leasing, Inc. is the true owner of the items. Accordingly, the Court **GRANTS** the Defendants' motion as to Moss's foreclosure claim.

### V.     CONCLUSION

For the reasons set forth above, the Plaintiff's motion for partial summary judgment (Dkt. No. 24) is **DENIED**, and the Defendants' motion for partial summary judgment (Dkt. No. 27) is **GRANTED IN PART AND DENIED IN PART**.

8

The **final pretrial conference** in this case remains scheduled for **April 3, 2015 at 10:00 a.m.**, and the **bench trial** remains scheduled to begin on **May 4, 2015 at 9:00 a.m.** Both will be held in Courtroom 202 of the Birch Bayh Federal Building and United States Courthouse located at 46 E. Ohio Street, Indianapolis, Indiana. The parties are reminded of their related pretrial deadlines.

SO ORDERED: 1/21/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

9